# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:09-CV-097

| | |
|---|---|
| TONYA WOOTEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| LINCOLN NURSING CENTER and ) | |
| BARBARA HAGER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion For Leave To Commence Early Discovery" (Document No. 30) and "Defendants' Motion For Protective Order" (Document No. 33). The motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and immediate review is appropriate. Having carefully considered the arguments, the record, and applicable authority, the undersigned will deny the motions.

Defendants bring their motion for early discovery pursuant to Local Rule 16.1(F), which provides that

> While the parties may engage in consensual discovery at any time, Court enforceable discovery does not commence until issues have joined and a Scheduling Order is entered. If a party believes that early court sanctioned discovery is warranted, such party may file a motion for leave to take early discovery therein showing good cause.

Local Rule 16.1(F). In this case, the parties have engaged in some consensual discovery. Defendants now contend that Court sanctioned discovery is necessary to ensure access to certain documentary evidence, witnesses, and for the issuance of subpoenas. (Document No. 30, p.3). Defendants argue that the compulsory processes of the Court, including motions to compel, may be necessary to secure and preserve evidence and to ensure full and complete responses to discovery.

<u>Id.</u>

*Pro se* Plaintiff Tonya Wooten ("Plaintiff") opposes the motion; however, it appears that Plaintiff misconstrues the motion for leave to commence early discovery as a motion to compel her to provide certain information and/or documents. Defendants' reply brief credibly argues that Defendants do not seek by their motion to "circumvent established procedures;" rather, they seek to implement normal, appropriate discovery and its mechanisms of enforcement. (Document No. 32 pp. 1-2). To the extent Defendants' future discovery requests might seek information or documents Plaintiff is reluctant to provide, there are procedures by which she may object. <u>See</u> *e.g.* Federal Rules of Civil Procedure 26(b)(5), 26(c), 33(b) and 34(b)(2). Pursuant to the Federal Rules, generally the scope of discovery allows that

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).

As noted above, typically Court enforceable discovery does not take place until the issues have joined and a Scheduling Order has been entered. The Local Rules specifically provide that issues will not join until filed and briefed Rule 12 motions are resolved by the Court, *unless otherwise ordered by the Court*. Local Rule 16.1(D)(emphasis added). In this action, Defendants have filed an Answer (Document No. 9), as well as Rule 12 motions, and have now shown good cause for seeking Court sanctioned discovery.

Although Court enforceable discovery has not commenced, Defendants also seek a protective

order from the Court alleging an excessive number of interrogatories presented to them by Plaintiff. (Document No. 33). The Court will decline to referee the parties' consensual discovery; nevertheless, the motion bolsters the argument that Court enforceable discovery is appropriate and that discovery will be more effective if supported by a Pretrial Order and Case Management Plan.

Under the circumstances of this case, the undersigned finds it appropriate to order *sua sponte* that the issues have joined, and that the parties must confer and proceed with an Initial Attorney's Conference ("IAC") pursuant to Fed.R.Civ.P. 26(f) and Local Rule 16.1(A). Once the parties have conferred and submitted a proposed discovery plan, the Court will enter a Pretrial Order And Case Management Plan allowing for the commencement of Court enforceable discovery.

**IT IS, THEREFORE, ORDERED** that "Defendants' Motion For Leave To Commence Early Discovery" (Document No. 30) is **DENIED**.

**IT IS FURTHER ORDERED** that "Defendants' Motion For Protective Order" (Document No. 33) is **DENIED**.

**IT IS FURTHER ORDERED**, *sua sponte*, that the parties shall conduct an IAC on or before **August 13, 2010**, and complete and file a Certification of Initial Attorney's Conference ("CIAC") **within seven (7) days** of the IAC, including a proposed discovery plan.

Signed: July 28, 2010

David C. Keesler
United States Magistrate Judge