# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CIVIL ACTION NO. 5:09-CV-097-DCK

| | |
|---|---|
| TONYA WOOTEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| LINCOLN NURSING CENTER and ) | |
| BARBARA HAGER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion to Dismiss Plaintiff's Complaint Against Individual Defendant" (Document No. 8) filed by Defendant Barbara Hager ("Hager"); "Defendants' Motion To Dismiss/In The Alternative For Partial Summary Judgment" (Document No. 15), filed by Defendant Lincoln Nursing Center ("Lincoln") and Defendant Hager (together "Defendants"); and "Defendants' Renewed Motion To Dismiss/ In The Alternative For Partial Summary Judgment" (Document No. 26). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. Having fully considered the record, the motions, and applicable authority, the undersigned will <u>deny</u> the motions without prejudice.

After the Defendants moved to dismiss Plaintiff's Complaint against Hager (Document No. 8), and moved to dismiss, or grant summary judgment, as to claims of race discrimination (Document No. 15), Plaintiff filed an "Amended Complaint" on February 26, 2010. (Document No. 23).

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. <u>Young v. City of Mount</u>

Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule .... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (denying as moot motions to dismiss original complaint on grounds that amended complaint superseded original complaint).

"A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1476 (2d ed. 1990); see also, Brown v. Sikora and Associates, Inc., 2008 WL 1751934 at *3 (4th Cir. 2008); Atlantic Skanska, Inc., 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007); Hi-Tech, Inc. v. Rising, 2006 WL 1966663 at *3 (W.D.N.C. July 11, 2006).

Therefore, because the Plaintiff filed an Amended Complaint which supersedes the initial Complaint, the undersigned will respectfully deny Defendants' motions to dismiss (Document Nos. 8 and 15) as moot, without prejudice to re-file.

"Defendants' Renewed Motion To Dismiss/ In The Alternative For Partial Summary Judgment" (Document No. 26) was filed after the Amended Complaint; however, the motion lacks a brief in support as required by Local Rule 7.1(C). The Court notes that Defendant intended to rely on a previous motion to dismiss, its attachments, and memorandum to support this motion. (Document No.26 at p.2). Under the circumstances of this case, the undersigned has determined that such reliance is improper and counter to the interests of justice and judicial economy.

**IT IS, THEREFORE, ORDERED** that the "Motion to Dismiss Plaintiff's Complaint Against Individual Defendant" (Document No. 8) is **DENIED AS MOOT**, without prejudice.

**IT IS FURTHER ORDERED** that "Defendants' Motion To Dismiss/In The Alternative For Partial Summary Judgment" (Document No. 15) is **DENIED AS MOOT**, without prejudice.

**IT IS FURTHER ORDERED** that "Defendants' Renewed Motion To Dismiss/ In The Alternative For Partial Summary Judgment" (Document No. 26) is **DENIED**, without prejudice

**SO ORDERED**.

Signed: September 3, 2010

David C. Keesler
United States Magistrate Judge