UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:09-CV-97-DCK

TONYA WOOTEN

        Plaintiff,

v.

LINCOLN NURSING CENTER AND
BARBARA HAGER,

        Defendants.

## CONFIDENTIALITY ORDER

Whereas, the Parties to this Consent Confidentiality Order ("Parties"), have stipulated that certain discovery material is and should be treated as confidential and have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "Discovery Documents") shall be subject to this Order concerning confidential information as set forth below.

2. **Form and Timing of Designation.** Confidential Discovery Documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on them in a manner which will not interfere with their legibility and which will permit complete removal of the Confidential designation. Discovery Documents shall be designated CONFIDENTIAL prior to or contemporaneously with their production or disclosure. Inadvertent or unintentional production of Discovery Documents without prior designation as confidential shall not be

deemed a waiver, in whole or in part, of the right to designate them as confidential as otherwise allowed by this Order.

3. **Documents Which May be Designated Confidential.** Any Party may designate Discovery Documents as confidential if the Party determines, in good faith, that they contain information protected from disclosure by statute, sensitive personal or medical information, trade secrets or confidential research, development or commercial information.

4. **Depositions.** Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within ten (10) business days after receipt of the official transcript. Such designation shall be specific as to the portions to be protected.

5. **Protection of Confidential Material.**

a. **General Protections.** Discovery Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the Parties or counsel for the parties or any other persons identified below (¶ 5.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the Discovery Documents were disclosed (including any appeal of that litigation).

b. **Limited Third Party Disclosures.** The Parties and their counsel shall not disclose or permit the disclosure of any Discovery Documents designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(5) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A hereto), that he or she has read and understands the terms of this Order and is bound by it. Subject to these requirements, the

following categories of persons may be allowed to review Discovery Documents which have been designated CONFIDENTIAL pursuant to this Order:

    (1)    counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

    (2)    parties and employees of a party to this Order whose assistance is necessary to the conduct of the litigation in which the information is disclosed;

    (3)    court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies;

    (4)    consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the Parties or their respective counsel to assist in the preparation and trial of the litigation; and

    (5)    other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

    c.    **Copies.**  All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "Copies"), of Discovery Documents designated as Confidential under this Order or any portion of such a Discovery Document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the Copy.  All such Copies shall be afforded the full protection of this Order.

6.    **Filing of Confidential Materials.**  In the event a Party seeks to file any material that is subject to protection under this Order with the court, that Party shall take appropriate action to insure that the Discovery Documents receive proper protection from public disclosure

including: (1) filing a redacted Discovery Document with the consent of the party who designated the Discovery Document as Confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the Discovery Documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the Discovery Document under seal. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the Party seeking to submit the Discovery Document to the court shall first consult with counsel for the Party who designated it as confidential to determine if some measure less restrictive than filing it under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any Discovery Document be filed under seal. The Parties understand that Discovery Documents may be filed under seal only with the permission of the court.

7. **Greater Protection of Specific Documents.** No Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party moves for an Order providing such special protection.

8. **Challenges to Designation as Confidential.** Any CONFIDENTIAL designation is subject to challenge. The following procedures shall apply to any such challenge.

   a. The burden of proving the necessity of a Confidential designation remains with the Party asserting confidentiality.

   b. A Party who contends that Discovery Documents designated CONFIDENTIAL are not entitled to confidential treatment shall give written notice to the Party who affixed the designation of the specific basis for the challenge. The Party who so designated the documents shall have ten (10) days

from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the Confidential designation.

    c.    Notwithstanding any challenge to the designation of Discovery Documents as confidential, all material previously designated CONFIDENTIAL shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

        (1)    the Party who claims that the Discovery Documents are confidential withdraws such designation in writing;

        (2)    the Party who claims that the Discovery Documents are confidential fails to move timely for an Order designating them as confidential as set forth in paragraph 8.b. above; or

        (3)    the court rules that the Discovery Documents should no longer be designated as confidential information.

    d.    Challenges to the confidentiality of Discovery Documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

9.    **Treatment on Conclusion of Litigation.**

    a.    **Order Remains in Effect.**  All provisions of this Order restricting the use of Discovery Documents designated CONFIDENTIAL shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

    b.    **Return of CONFIDENTIAL Documents.**  Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all Discovery

Documents treated as confidential under this Order, including Copies as defined above (¶5.d.) shall be returned to the producing party unless: (1) the Discovery Document has been entered as evidence or filed (unless introduced or filed under seal); (2) the Parties stipulate to destruction in lieu of return; or (3) as to Discovery Documents containing the notations, summations or other mental impressions of the receiving party, that party elects destruction.

10. The foregoing is entirely without prejudice to the right of any Party to apply to the Court for any further Protective Order relating to confidential information; to object to the production of Discovery Documents or information; to apply to the Court for an order compelling production of Discovery Documents or information; or for modification of this Order.

**IT IS SO ORDERED.**

Signed: December 9, 2010

David C. Keesler
United States Magistrate Judge