# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:09-CV-097-DCK

| | |
|---|---|
| TONYA WOOTEN, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| LINCOLN NURSING CENTER and BARBARA HAGER, | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Send 2nd Set Of Request For Admissions And 2nd Set of Written Interrogatories To Defendants" (Document No. 46). "Defendants' Response To Plaintiff's Motion To Send Second Set Of Requests For Admissions And Second Set Of Written Interrogatories To Defendants" (Document No. 51) was filed on November 8, 2010. Plaintiff has not filed a reply, and the time to do so has lapsed. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and the motion is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will deny the motion.

The Rules of Civil Procedure allow a party to serve on any other party no more than 25 written interrogatories, including discrete subparts, unless otherwise stipulated or ordered by the court. Fed.R.Civ.P. 33(a)(1). In this case, the parties filed a "Certification And Report Of F.R.C.P. 26(f) Conference And Discovery Plan" (Document No. 37), which in pertinent part jointly proposed a maximum of 25 interrogatories by each party to any other party. On August 19, 2010, the Court's "Pretrial Order And Case Management Plan" (Document No. 41) adopted the parties' proposal and set a limit of 25 single part interrogatories.

Defendants contend, and Plaintiff has not disputed, that Plaintiff's First Set of Interrogatories, including numerous subparts, asserted nearly 200 interrogatories. (Document No. 51). Defendants further contend they filed answers and objections to all of those interrogatories, and that allowing additional interrogatories would place an undue burden on Defendants. Id. Defendants acknowledge that Plaintiff has only served 23 requests for admissions, and therefore has not yet exhausted her allotted number of requests for admissions pursuant to the "Pretrial Order..." (Document No 41).

As the basis for her motion, Plaintiff states that she seeks to "get more definitive answers and to follow up on some admissions." (Document No. 46). Defendants suggest, and the undersigned agrees, that if Plaintiff believes she is entitled to more definitive answers, a motion to compel is the proper procedure, rather than additional interrogatories. (Document No. 51; see also, Document No. 41, pp.8-9 and Fed.R.Civ.P. 37). The parties are respectfully reminded that "the Court expects all parties to attempt in good faith to resolve discovery disputes without the necessity of Court intervention." (Document No. 41, p.9).

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Send 2nd Set Of Request For Admissions And 2nd Set of Written Interrogatories To Defendants" (Document No. 46) is **DENIED**.

Signed: December 17, 2010

David C. Keesler
United States Magistrate Judge