IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:09-CV-097-DCK

| | |
|---|---|
| TONYA WOOTEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LINCOLN NURSING CENTER and )<br>BARBARA HAGER, )<br>)<br>Defendants. )<br>_____) | ORDER |

**THIS MATTER IS BEFORE THE COURT** on the "Motion to Dismiss Plaintiff's Title VII Claim Against Individual Defendant" (Document No. 44) and "Defendants' Motion To Dismiss/In The Alternative For Partial Summary Judgment" (Document No. 45). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. Having carefully considered the motions, the record, and applicable authority, the undersigned will grant the motions to dismiss.

## I. BACKGROUND

*Pro se* Plaintiff Tonya Wooten ("Wooten" or "Plaintiff") filed this action on August 19, 2009. (Document No. 1). Plaintiff then filed her "Amended Complaint" (Document No. 23) on February 26, 2010. Plaintiff contends that the "action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination." (Document No. 23). The Amended Complaint asserts causes of action for discriminatory acts of retaliation and libel *per se*, related to her termination, in or about January 2007, from Defendant Kindred Nursing Centers East, LLC, d/b/a Lincoln Nursing Center ("Lincoln"). (Document No. 23).

On March 12, 2010, "Defendants' Answer And Defenses To Amended Complaint"

(Document No. 27) was filed by Lincoln and Defendant Barbara Hager ("Hager")(together "Defendants"). The now pending "Motion to Dismiss Plaintiff's Title VII Claim Against Individual Defendant" (Document No. 44) and "Defendants' Motion To Dismiss/In The Alternative For Partial Summary Judgment" (Document No. 45) were filed on October 11, 2010. Both motions were filed pursuant to Fed.R.Civ.P. 12(b)(6). "Plaintiff's Opposition To Dismiss Individual Under Title VII and Opposition To Defendants Motion To Dismiss/In Alternative To Partial Summary Judgment" (Document No. 47) was filed October 21, 2010; the "Reply Memorandum In Support Of Defendants' Motion To Dismiss/In The Alternative For Partial Summary Judgment" (Document No. 48) was filed November 1, 2010; "Addendum To Plaintiff's Opposition To Dismiss Individual Under Title VII and Opposition To Defendants Motion To Dismiss..." (Document No. 53) was filed November 16, 2010; and "Defendants' Response To Plaintiff's Addendum..." (Document No. 55) was filed on November 29, 2010.

The factual background of this matter appears to be largely undisputed and begins on or about January 19, 2007, when Plaintiff alleges she was terminated from her employment with Lincoln Nursing Center during a phone call with Defendant Hager, then Director of Nursing at Lincoln. (Document No. 23, pp.2-3; Document No. 23-1, pp.40-41). Defendant Hager called Plaintiff on January 19, 2007, her day off, and asked Plaintiff to come to work to speak with her, apparently to discuss concerns about Plaintiff's work performance. (Document No. 23, p.2-3; Document No. 23-1, pp.41, 47). Plaintiff refused, purportedly suggesting the meeting could wait until she returned to work the next day. Id. Following some additional discussion, Plaintiff was informed that she should not return to work. Id. On February 14, 2007, Plaintiff filed her first Charge Of Discrimination, EEOC Charge No. 430-2007-01592 ("Charge No. 1") with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on race.

2

(Document No. 23-1, p.6). On or about February 22, 2007, Defendant Hager had a telephone conversation with a representative of the North Carolina Board of Nursing (the "Nursing Board") addressing Plaintiff's alleged discrepancies regarding controlled substances. (Document No. 23-1, p.11). On April 30, 2007, the EEOC mailed a "Dismissal And Notice Of Rights" (Document No. 23-1, p.15) regarding Charge No. 1, stating that the EEOC was "unable to conclude that the information obtained established a violation of the statutes" and further informing Plaintiff that she had 90 days within receipt of the this notice to file a lawsuit. Id.

Hager filed a complaint regarding Plaintiff with the Nursing Board on or about June 29, 2007. (Document No. 23-1, p.2, 21). Plaintiff received notice that she was under investigation from the Nursing Board on July 29, 2007, but apparently did not receive a copy of the complaint until on or about August 25, 2009. (Document No. 23-1, p.25; Document No. 23, p.5). On August 8, 2007, Plaintiff filed a second Charge of Discrimination, EEOC Charge No. 430-2007-03542 ("Charge No. 2") alleging retaliation as a result of Charge No. 1, and specifically citing Defendant Hager's complaint against Plaintiff with the Nursing Board. Id.

The EEOC reopened its investigation of Plaintiff's race claim after receiving additional information, but then mailed its final "Dismissal And Notice Of Rights" (Document No. 45-5, p.2) regarding Charge No. 1 on August 24, 2007. (Document No. 45-8, p.3). The "Dismissal..." again stated that the EEOC was "unable to conclude that the information obtained established a violation of the statutes" and informed Plaintiff that she had 90 days from receipt of the notice to file a lawsuit. (Document No. 45-5, p.2).

Regarding Charge No. 2 for retaliation, the EEOC mailed its "Notice Of Right To Sue" (Document No. 23-1, p.9) on June 16, 2009. The "Notice..." provided that the "EEOC found reasonable cause to believe that violations of the statute(s) occurred" and informed Plaintiff any

3

lawsuit regarding that charge "must be filed WITHIN 90 DAYS" of her receipt of the notice. (Document No. 23-1, p.9). The instant lawsuit was timely filed on August 19, 2009, including only causes of action for retaliation and libel *per se*. (Document No. 1).

Defendants' motions to dismiss, primarily alleging that the Title VII claims against Defendant Hager are improper and that any claims of race discrimination are time-barred, were filed October 11, 2010, and are now ripe for disposition.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009)(quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

The Supreme Court also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations

4

in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

**A. Motion to Dismiss Title VII Claim Against Defendant Hager**

First, Defendant Hager asserts that the Title VII claims against her "must be dismissed since, under Fourth Circuit precedent, no individual liability exists under Title VII." (Document No, 44-1, p.1). In support of her argument, Hager cites Lissau v. Southern Food Service, Inc., noting in that case that the Fourth Circuit opined that "analysis of Title VII language and its remedial scheme leads us to join the other circuit courts and conclude that supervisors are not liable in their individual capacities for Title VII violations." (Document No. 41-1, p.2)(citing Lissau v. Southern Food Service, Inc., 159 F.3d 177, 180 (4th Cir. 1998)).

Here, there is no dispute that Barbara Hager was Plaintiff's supervisor at the time of the alleged events underlying this lawsuit and that the claims against Hager specifically relate to actions taken in her role as Director of Nursing of Lincoln Center Nursing, and as Plaintiff's supervisor. Plaintiff's opposition to the motions to dismiss briefly asserts that the claims against the individual Defendant should not be dismissed, but fails to cite authority that adequately supports her position or distinguishes the precedent established by Lissau. (Document No. 47). Moreover, the undersigned finds that this Court has recently and consistently followed the holding of Lissau that individual supervisors are excluded from Title VII actions. Riley v. Foot Locker, Inc., 3:09CV411-V, 2010 WL 3895504 (W.D.N.C. Sept. 30, 2010); see also, Marsh v. CBS Media Corp., 3:09cv289-RJC, 2009 WL 3151946 at *2 (W.D.N.C. Sept. 24, 2009); Pitrolo v. County of Buncombe,

1:06CV199, 2009 WL 1872247 at *2 (W.D.N.C. June 29, 2009).

Based on the foregoing, the Court will grant the motion to dismiss the claims against Defendant Hager.

**B. Motion to Dismiss Claims of Race Discrimination**

Next, Defendant Lincoln Nursing Center moves "to dismiss any claims by Plaintiff alleging race discrimination." (Document No. 45). Lincoln contends that Plaintiff's Charge No. 1 was dismissed almost two years prior to the filing of the lawsuit, and therefore any claims for race discrimination are time-barred. Id. The undersigned agrees.

Pursuant to 42 U.S.C. § 2000e-5(f)(1), an aggrieved party has ninety (90) days following the dismissal of a Charge of Discrimination to commence a lawsuit. The Fourth Circuit has strictly applied the 90-day time limit. See Watts-Means v. Prince George's Family CrisisCenter, 7 F.3d 40, 42 (4th Cir. 1993) (lawsuit commenced 95 days after plaintiff received her right to sue letter barred by the 90-day rule); Harvey v. City of Newbern Police Dept., 813 F.2d 652, 654 (4th Cir. 1987) (Title VII lawsuit disallowed where suit was commenced 91 days after receipt of right to sue letter); Dixon v. Digital Equipment Corp., 976 F.2d 725, 1992 WL 245867 (4th Cir. Sept. 30, 1992) (affirming District Court's grant of summary judgment where *pro se* plaintiff filed suit on the 91st day after receiving the right to sue letter); see also, Catone v. Potter, 5:08cv132-V, 2010 WL 1141352 at *2 (W.D.N.C. March 22, 2010)(right to bring suit lost after 90 days, absent grounds for equitable tolling).

In this case, there is no dispute that the EEOC mailed its final "Dismissal And Notice Of Rights" (Document No. 45-5, p.2) regarding Charge No. 1 on August 24, 2007. Plaintiff was thus informed that any lawsuit regarding her charge of racial discrimination had to be filed within 90 days. The instant lawsuit was filed nearly two years later on August 19, 2009.

The law is clear on the issue of a timely lawsuit pursuant to Title VII. What is less apparent is Lincoln's motivation for a motion to dismiss any claims of race discrimination in an Amended Complaint that does not assert a cause of action for race discrimination. (Document No. 23). The Amended Complaint clearly alleges two causes of action: retaliation and libel *per se*. Id. Presumably the motion was filed out of an abundance of caution, because one sentence in the *pro se* Plaintiff's Amended Complaint contends that "Defendant's conduct is discriminatory with respect to my race." (Document No. 23, p.2).

In response to Lincoln's motion, Plaintiff herself asserts that Defendant misconstrues the Amended Complaint: "[r]ace discrimination is not the basis of this lawsuit, it is the discriminatory act of retaliation, and the second cause of action in section D(II) of amended complaint is libel per se." (Document No. 47, p.2, 11). Nowhere in her response does Plaintiff assert that she has filed a claim for race discrimination. (Document No. 47).

In short, the time for Plaintiff to file an employment discrimination lawsuit based on racial discrimination lapsed long before the instant suit was filed; moreover, the Amended Complaint in this action does not assert a claim of race discrimination. Nevertheless, on November 16, 2010 Plaintiff filed an "Addendum..." to her opposition to the motions to dismiss. (Document No. 53). In that filing, Plaintiff contends that she "put off and missed the Title VII deadline, but did not miss the 42 U.S.C. 1981 deadline to file the racial discrimination lawsuit."

To the extent Plaintiff now argues that her Amended Complaint does contain a cause of action for race discrimination, her position is without merit. The Amended Complaint, even viewed in the light most favorable to Plaintiff, does not state a plausible claim for discrimination and does not give the Defendant fair notice of such a claim and the grounds upon which it rests, pursuant to Iqbal, Twombly and Fed.R.Civ.P. 8. Accordingly, the Court will grant Lincoln's motion to dismiss

7

to clarify that a race discrimination claim is not before the Court in this matter. However, if the purpose of Plaintiff's "Addendum..." is to remind the Court that the retaliation claim is premised on Defendant's actions following Plaintiff's original filing of a Charge of Discrimination based on race with the EEOC, that fact is duly noted.

Defendant Lincoln's pending motions do <u>not</u> seek relief from either of Plaintiff's stated causes of action, retaliation and libel *per se*, and the Court expresses no opinion as to those claims.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the "Motion to Dismiss Plaintiff's Title VII Claim Against Individual Defendant" (Document No. 44) is **GRANTED**.

**IT IS FURTHER ORDERED** that "Defendants' Motion To Dismiss/In The Alternative For Partial Summary Judgment" (Document No. 45) is **GRANTED**.

**SO ORDERED**.

Signed: December 17, 2010

David C. Keesler
United States Magistrate Judge