# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:09-CV-097-DCK

| | |
|---|---|
| TONYA WOOTEN, | ) |
| Plaintiff, | ) |
| v. | )    **ORDER** |
| LINCOLN NURSING CENTER and BARBARA HAGER, | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion To Compel Discovery Responses" (Document No. 65). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion in part, and deny the motion in part.

## I. PROCEDURAL BACKGROUND

*Pro se* Plaintiff Tonya Wooten ("Wooten" or "Plaintiff") filed this action on August 19, 2009. (Document No. 1). Plaintiff then filed her "Amended Complaint" (Document No. 23) on February 26, 2010. Plaintiff contends that the "action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination." (Document No. 23). The Amended Complaint asserts causes of action for discriminatory acts of retaliation and libel *per se*, related to her termination, in or about January 2007, from Defendant Kindred Nursing Centers East, LLC, d/b/a Lincoln Nursing Center ("Lincoln"). (Document No. 23). On March 12, 2010, "Defendants' Answer And Defenses To Amended Complaint" (Document No. 27) was filed by Lincoln and Defendant Barbara Hager ("Hager")(together "Defendants").

On December 17, 2010, the undersigned issued an "Order" (Document No. 61) granting Defendants' motion to dismiss the Title VII claim against the individual Defendant and granting Defendants' motion to dismiss any claims of race discrimination. The Case Management Plan has been revised more than once, currently providing deadlines for: discovery completion on February 28, 2011; Mediation on February 15, 2011; and Motions on March 18, 2011. (Document Nos. 52, 63). This matter is set for trial during the term beginning August 29, 2011.

The pending "...Motion To Compel Discovery Responses" (Document No. 65) was filed on December 28, 2010, along with a "Memorandum In Support..." (Document No. 65-6); "Plaintiff's Opposition To Defendants' Motion To Compel Production Of Documents And Medical Releases" (Document No. 67) was filed on January 13, 2011; and Defendants' "Reply Memorandum In Support Of Defendants' Motion To Compel" (Document No. 69) was filed January 24, 2011. The motion to compel is now ripe for review.

## II. DISCUSSION

Defendants' pending motion seeks an Order from the Court compelling Plaintiff to fully and completely respond to Defendants' First Set of Interrogatories and First Request for Production of Documents as described in detail below, and compelling Plaintiff's medical providers to produce copies of medical and psychological records pursuant to subpoenas *to be issued* by Defendants. (Document No. 5, p.1).

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible

2

at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, oppress or, that causes undue burden or expense to the opposing party. See Fed.R.Civ.P. 26(c).

Whether to grant or deny a motion to compel is generally left within the District Court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Addressing a motion to compel, another district court in this Circuit recently summarized the applicable law applying to interrogatories as follows:

> Federal Rule of Civil Procedure 33 governs interrogatories. It states that "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." "In responding to interrogatories, all parties are bound to provide 'true, explicit, responsive, complete and candid answers.'" . . . All objections must be stated with specificity and any objection not raised is waived. Fed.R.Civ.P. 33(b)(4). "Mere recitation of familiar litany that interrogatory is 'overly broad, burdensome, oppressive, and irrelevant'" does not suffice as specific objection. . . . "The fact that the information sought is already known to the interrogator is not a valid ground for objection to the interrogatories. Interrogatories are not limited to facts which are exclusively or peculiarly within the knowledge of the interrogated party. "The fact that the information sought is equally available to the interrogator, or is a matter of public record, does not render the interrogatories objectionable."

Alberts v. Wheeling Jesuit University, 2010 WL 1539852 at *2 (N.D.W.Va. April 19, 2010) (citations omitted).

Applying the rules of discovery, the undersigned will address the responses and production Defendants seek to have compelled, item by item, below.

**A. Defendants' First Set of Interrogatories**

    **1. Interrogatory No. 5**:

> INTERROGATORY NO. 5:
> For all employment held for a two-year (2) period <u>AFTER</u> your employment with Defendant, to the present, provide the full name and business address of each employer, person or entity by which you were employed or from which you received any compensation (if you were employed at an address or location other than the address set forth, please state such address); and dates of such employment, the amounts of compensation or wages received for such employment (including fringe benefits); the name and address of your immediate supervisor(s); the name and address of the individual who hired you; the title of your position; the nature of your job duties and the responsibilities; and, the reason you left or were required to leave said employment. This Interrogatory includes employment as an employee, independent contractor, consultant or self-employment. If you were unemployed for any period of time after your employment with Defendant, state the dates of each period of unemployment; the reason for unemployment; and, any source of income received during the unemployment period.

(Document No. 65-1, p.7). Plaintiff subsequently responded as follows:

> #5. I object to the discovery/interrogatory related to Defendants, such interrogatory seeks information that is irrelevant and is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in determining whether or not I was retaliated against on the basis and in the manner in which I allege.

(Document No. 65-3, p.5). Plaintiff later supplemented her response to provide a list of employers and additional requested information . (Document No. 65-6, p.16; Document No. 65-5, p.2).

Defendants now request that Plaintiff be compelled to provide information describing any sources of income during any periods of unemployment. (Document No. 65-6, p.16). Defendants contend that this information is essential in calculating the alleged damages claimed by Plaintiff. Id. It does not appear that Plaintiff has filed any specific objection to the information sought, or any explanation for her failure to provide this information. As such, the undersigned finds that Plaintiff shall immediately supplement her response to this interrogatory by providing the information requested in the pending motion.

2. **Interrogatory No. 6**:

> INTERROGATORY NO. 6:
> Identify, as defined in Instruction No. 3, every person, company or entity with which you sought employment (including those, if any, through the Employment Security Commission) since your termination from Lincoln to date, including the following information as to each prospective employer: name; address; dates of all contacts or communications between you and the prospective employer; the method of communication used; positions for which you applied; the person(s) to whom you spoke; the rate, type, and amount of wages and benefits attached to each position for which you applied; whether you were offered employment and the position offered; the date that you accepted or rejected the offer; the date that you began and ended that employment; a statement of the amount of income, compensation, wages and/or benefits received from time of hire to date (total and hourly or weekly); and if you rejected any job or position, the reason for and date of your rejection.

(Document No. 65-1, pp.7-8). Plaintiff subsequently responded as follows:

> #6. A copy of my employment search is attached.

(Document No. 65-3, p. 5).

Defendants acknowledge that Plaintiff has provided a job search log, but contend that she has failed to provide other information requested by this interrogatory. (Document No. 65-6, p.16). The undersigned finds that this interrogatory requests relevant and discoverable information.

Plaintiff shall immediately supplement her job search log to provide a full and complete response to the information requested.

   3. **Interrogatory No. 8**:

> INTERROGATORY NO. 8:
> If any diagnosis has been made by any doctor, physician, psychologist, psychiatrist or any other health care provider concerning any injury, illness, condition or disability <u>to Wooten in connection with the facts asserted in this lawsuit and/or the alleged injuries or damages referenced in her Complaint</u>, state the diagnosis, including a full and complete description of its nature, extent, and severity; the current prognosis for any such injury, illness, condition or disability; the time period during which Wooten was afflicted with or suffered from each condition; the date(s) and nature of any medical, hospital or health related examination, treatment or care received for each condition; and, the name and address of every person providing the examination, treatment, care or diagnosis.

(Document No. 65-1, pp.8-9). Plaintiff subsequently responded as follows:

> #8: I object to the discovery/interrogatory to the extent that they seek disclosure of information protected under privilege of immunity.

(Document No. 65-3, p. 5). Plaintiff later supplemented her response naming two medical providers, but declining to provide information regarding diagnoses concerning any injury or condition related to Plaintiff's alleged injuries or damages. (Document No. 65-6, pp.16-17; Document No. 65-5, p.2).

Plaintiff's opposition to the motion to compel fails to address this interrogatory. The information sought appears to be relevant and discoverable, and the undersigned will therefore instruct Plaintiff to again supplement her response and provide full and complete answers to the information requested. To the extent Plaintiff believes the information requested is confidential she may provide her response subject to terms set forth in this case's "Confidentiality Order" (Document No. 58).

**4. Interrogatory No. 9**:

> INTERROGATORY NO. 9:
> If Wooten is seeking to recover for any alleged emotional distress or mental anguish in connection with the facts asserted in this lawsuit and/or the alleged damages referenced in her Complaint during or after her employment with Lincoln, state whether she has ever consulted with or otherwise used services related to drug, alcohol, marital, family, psychological or psychiatric counseling or treatment; and if so, state the identify of all persons providing such counseling or treatment; and the date(s) on which she received counseling or treatment, and the diagnosis of said healthcare professional.

(Document No. 65-1, p.9).

The exhibits to Defendants' motion have been redacted in such a way that it is impossible for the Court to review Plaintiff's response. (Document No. 65-3, p.5; Document No. 65-5, pp.2-3). Defendants allege that Plaintiff has provided the name of a medical doctor and of a therapist, but has declined to provide additional responsive information. (Document No. 65-6, p.17). Plaintiff's opposition does not specifically address this interrogatory. (Document No. 67).

Defendants contend that they are seeking "information related to any psychological or other counseling Plaintiff received in connection with any allegations of emotional distress or mental anguish raised in this lawsuit." Id. The undersigned finds that Defendants' request seeks relevant and discoverable information and that Plaintiff must supplement her response to provide a full and complete response that describes counseling or treatment Plaintiff received during her employment at Lincoln, or since then, related to her allegations of emotional distress or mental anguish. To the extent Plaintiff believes the information requested is confidential she may provide her response subject to terms set forth in this case's "Confidentiality Order" (Document No. 58).

**5. Interrogatory No. 10**:

> INTERROGATORY NO. 10:

> Other than those identified in Interrogatory Nos. 8 and 9, identify every doctor, physician, psychiatrist, psychologist, health or medical practitioner, hospital, clinic, health care provider, counselor or institution from whom Wooten has sought or received treatment during the last five (5) years, and for each, state the name and address; date(s) of treatment or confinement, if applicable; and the nature of the illness or injury for which treatment was sought or received.

(Document No. 65-1, p.9). Plaintiff subsequently responded as follows:

> #10. I object to the discovery/interrogatory to the extent they seek disclosure of proprietary and confidential information.

(Document No. 65-3, p. 5). Plaintiff addressed this interrogatory again in a supplemental response renewing her objection, and stating that the request "seeks confidential privileged patient-physician information and is overly broad, unduly burdensome and can cause embarrassment." (Document No. 65-5, p.3).

It appears that the exhibits showing Plaintiff's responses have been partially redacted so it is difficult to gauge how complete they are; nevertheless, the undersigned agrees with Defendants that full and complete responses are appropriate. Plaintiff shall therefore supplement her existing responses with full and complete answers to this interrogatory. To the extent Plaintiff believes the information requested is confidential she may provide her response subject to terms set forth in this case's "Confidentiality Order" (Document No. 58).

6. **Interrogatory No. 11**:

> INTERROGATORY NO. 11:
> If you have ever been involuntarily discharged, demoted or suspended from employment, or in any way had your employment adversely affected by any employer, *not including* Defendant, please state: the full name, telephone number, and business address of the company or employer; the date you were hired; the date you were discharged, demoted, suspended or adversely treated; the nature of your position, job duties, and responsibilities then held; the name of your immediate supervisor; the specific reasons given to you by the

employer for your discharge, demotion, suspension or the adverse employment action taken against you; the name of the person who told you that you were being discharged, demoted, suspended or otherwise adversely affected in relation to your employment; and, a summary of what he or she said to you.

(Document No. 65-1, p.10). Plaintiff subsequently responded as follows:

> #11. I object to these interrogatories to the extent they require information reflecting conduct of circumstances prior to Jan. 2007 or after Jan. 2007. The information that you seek is irrelevant and such interrogatories are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in determining whether or not retaliation occurred.

(Document No. 65-3, p. 5).

The undersigned finds in this instance that Defendants request is overly broad. Plaintiff shall therefore provide full and complete responses to this interrogatory regarding all employment since January 2000.

7. **Interrogatory No. 12**:

> INTERROGATORY NO. 12:
> Aside from this civil action, if you have ever been a plaintiff, defendant, witness or party of any kind in any administrative action, EEOC charge of discrimination or civil or criminal action (including but not limited to personal injury actions, workers' compensation cases, unemployment compensation cases, probate court cases, bankruptcy actions, child custody proceedings, and divorce proceedings), for each such occasion, state the full name of the action (including the names of all parties to each such action), the case number, the jurisdiction in which the action was pending, the claims made in the case by you and the opposing party(ies), the outcome of the action, and your party or status in the action (*e.g.* plaintiff, defendant, witness, etc.).

(Document No. 65-1, p.10). Plaintiff subsequently responded as follows:

> #12. Aside from this civil action, I've never been a plaintiff, defendant, witness or party of any kind in any EEOC Charge of Discrimination or civil or criminal action. But I have been a

defendant in an administrative action in front of the NC Board of Nursing in 2006. The result was failure to report to supervisor.

(Document No. 65-3, p. 5).

Although it appears that Plaintiff made a good faith effort to respond to this interrogatory, the undersigned finds that she must supplement her response to provide full and complete information regarding all administrative actions before the North Carolina Board of Nursing, including: "the full name of the action (including the names of all parties to each such action), the case number, the jurisdiction in which the action was pending, the claims made in the case by you and the opposing party(ies), the outcome of the action, and your party or status in the action "

8. **Interrogatory No. 17**:

> INTERROGATORY NO. 17:
> Identify, as defined in Instruction No. 3, the individual(s) whose conduct, statements or omissions you claim constitute the factual bases of the claims asserted in the Complaint.

(Document No. 65-1, p.12). Plaintiff subsequently responded as follows:

> #17. Plaintiff has not determined who her witnesses shall be, if any, at trial.

(Document No. 65-3, p. 6).

Plaintiff's response to this interrogatory does not address the request presented. The request does not ask Plaintiff to identify her trial witnesses; rather it seeks information regarding individuals "whose conduct, statements or omissions" constitute the factual basis for Plaintiff's claims. Plaintiff shall therefore immediately provide a full and complete response to this interrogatory.

9. **Interrogatory No. 20**:

> INTERROGATORY NO. 20:
> Identify all documents that show, substantiate, reference, refer or relate to any of the facts supplied in response to these

Interrogatories and, separately as to each document, identify the Interrogatories to which it relates.

(Document No. 65-1, p.13). Plaintiff subsequently responded as follows:

> #20. Any documents relating to this case can be found in Plaintiff's personnel file at Lincoln Nursing Center as well as on Web Pacer.

(Document No. 65-3, p. 6).

After review of this interrogatory and response, the undersigned agrees with Defendants that Plaintiff has not provided a proper response. As noted by Defendants, "[t]he fact that the information sought is already known to the interrogator is not a valid ground for objection to the interrogatories." (Document No. 65-6, p.19)(citing Alberts, 2010 WL 1539852 at *2). Plaintiff shall immediately provide Defendants with a full and complete response to this interrogatory.

**B. Defendants' Request For Production of Documents**

**1. Document Request Nos. 1, 2, 7, 8, 9, 21, and 23**:

Plaintiff has objected to these document requests contending that they are already in Defendants' possession, and/or are in her personnel file, and/or are available on Web Pacer. (Document No. 65-4). For the reasons stated by Defendants, including reference to the Alberts case, the undersigned is persuaded that Plaintiff's objections are not valid. The undersigned finds that Plaintiff must provide full and complete responses to these requests to produce.

**2. Document Request No 5**:

> REQUEST NO. 5:
> Sign, date and return the two Medical Records Releases, drafted in compliance with HIPAA, to permit Defendant to obtain your medical and psychological records from the healthcare providers named in your answers to Interrogatories. **Please sign, date and return two Authorizations to Release Psychotherapy, Medical and Other Privileged or Confidential Information attached, thereby permitting Defendant to obtain your medical and**

11

> **psychological records. Note: Both releases are required by HIPAA**.

(Document No. 65-2, p.7). Plaintiff subsequently responded as follows:

> Request #5: Plaintiff objects to this Request on the grounds that it seeks confidential privileged patient-physician information and is overly broad, unduly burdensome and can cause embarrassment to Plaintiff.

(Document No. 65-4, p. 3).

Defendants seek Plaintiff's signature on two medical records releases permitting them to obtain her medical and psychological records. (Document No. 65-6, p.20). In her opposition to the pending motion Plaintiff states that she is "willing to execute a release narrowly tailored to produce only records that are material and relevant to this action." (Document No. 67, p.1). Plaintiff goes on to concede "that present or prior medical treatment for her emotional distress is relevant to this case" but that any production should "specifically exclude any material related to drug or alcohol abuse, mental illness, AIDS, HIV, sexually transmitted diseases, tuberculosis or genetics." (Document No. 67, p.2).

Based on the arguments presented, the undersigned finds that the parties should work together to draft appropriate and mutually acceptable medical releases. While the undersigned is unaware of any reason that information related to "AIDS, HIV, sexually transmitted diseases, tuberculosis or genetics" is relevant to this lawsuit, the undersigned does not find that the proposed releases should exclude material related to drug or alcohol abuse or mental illness. Defendants have persuasively argued that such information is relevant to Plaintiff's alleged injuries. (Document No. 69, p.3). The documents requested may be produced pursuant to the terms set forth in this case's "Confidentiality Order" (Document No. 58).

    3. **Document Request No. 12**:

REQUEST NO. 12:
   All documents which relate to the existence, amount, nature or method of computation of the damages allegedly sustained by you in connection with the events giving rise to the instant action.

(Document No. 65-2, p.9). Plaintiff subsequently responded as follows:

   Request #12: Subject to and without waiver of Plaintiff's general objections, Plaintiff will make available a copy of her credit report.

(Document No. 65-4, p. 4).

Defendants' motion contends that they have not yet received any documents responsive to this request. (Document No. 65-6, p.21). The undersigned agrees with Defendants that responsive documents relevant to the nature and amount of Plaintiff's damages must be produced.

   4. **Document Request No. 13**:

   REQUEST NO. 13:
      Any and all documents identified in, referenced or used in responding to Defendant's First Set of Interrogatories to Plaintiff.

(Document No. 65-2, p.10). Plaintiff subsequently responded as follows:

   Request #13: Subject to and without waiver of Plaintiff's general objections, Plaintiff will make available a copy of documents identified in, referenced or used in responding to Defendant's first set of interrogatories.

(Document No. 65-4, p. 4).

Although Plaintiff's response indicates that she will comply with this request for production, Defendants' contend that they have received no documents responsive to this request. (Document No. 65-6, pp. 21-22). To the undersigned's knowledge, Plaintiff has stated no objection to this request or offered any explanation for her failure to respond. Plaintiff shall provide the requested documents to Defendants' counsel.

   5. **Document Request No. 14**:

REQUEST NO. 14:
Any and all documents that relate to Plaintiff's efforts to obtain employment <u>following</u> her employment with Defendant, through the date of trial, including, but not limited to employment applications, letters of acceptance or rejection, letters of reference or recommendation, notes, correspondence of any type, job search logs, Employment Security Commission documents, letters of inquiry, telephone messages or notes, advertisements, names of persons Plaintiff contacted or talked to, Plaintiff's resumes, cover letters, list of references or any other similar document used in any manner by Plaintiff or any other person on Plaintiff's behalf to seek employment of any type for Plaintiff.

(Document No. 65-2, p.10). Plaintiff subsequently responded as follows:

Request #14: Subject to and without waiver of Plaintiff's general objections, Plaintiff will provide a copy of employment search logs.

(Document No. 65-4, p. 4).

If Plaintiff has not already done so, she shall immediately provide full and complete responses to this request.

**6. Document Request No. 15**:

REQUEST NO. 15:
Any and all documents reflecting any medical or psychological treatment received by Plaintiff from January 1, 2005, through the date of trial as described in your Interrogatory Answers. **Please sign, date and return the two Authorizations to Release Psychotherapy, Medical and Other Privileged or Confidential Information attached, thereby permitting Defendant to obtain your medical and psychological records**.

(Document No. 65-2, p.10). Plaintiff subsequently responded as follows:

Request #15: Plaintiff object to this Request on the grounds that it seeks confidential privileged patient-physician information and is overly broad, unduly burdensome.

(Document No. 65-4, p. 4).

This request is similar to Document Request No. 5, and for the reasons stated above, and including the undersigned's agreement with Defendants that Plaintiff has placed her mental condition at issue in this lawsuit, Plaintiff shall provide full and complete responses.

7. **Document Request No. 18**:

>REQUEST NO. 18:
>All documents relating or referring to the amount and source of income received by or accruing to Plaintiff from July 2006 to the present, (other than from Defendant), including, but not limited to, payroll check stubs, commission or bonus check stubs, W-2 forms, Forms 1099, and disability, unemployment compensation or worker's compensation receipts or check stubs.

(Document No. 65-2, p.11). Plaintiff subsequently responded as follows:

>Request #18: Subject to and without waiver of Plaintiff's general objections, Plaintiff will provide unemployment information.

(Document No. 65-4, p. 4).

Defendants' motion seeks all documents in Plaintiff's "possession related to any workers' compensation benefits, Social Security benefits, or private disability benefits." (Document No. 65-6, p.22). Plaintiff's opposition does not appear to state any argument against providing this information. The undersigned will therefore order that Plaintiff immediately supplement her response as Defendants have requested.

8. **Document Request No. 19**:

>REQUEST NO. 19:
>Any documents received by Plaintiff pursuant to a subpoena or a Freedom of Information Act request issued in this case.

(Document No. 65-2, p.12). Plaintiff subsequently responded as follows:

>Request #19: Plaintiff has never received a subpoena or a Freedom of Information Act request.

(Document No. 65-4, p. 4).

15

If Plaintiff has received any documents as a result of a subpoena or Freedom of Information Act request, related to this case, she shall provide copies of such documents to Defendants.

9. **Document Request No. 20**:

> REQUEST NO. 20:
> All documents relating to any employment or performance of services for any entity that Plaintiff has worked for, other than Defendant, since January 2007, up through the date of trial including, but not limited to, applications, benefits booklets, reprimands, disciplinary notices, handbooks, policies, manuals, wages and retirement plans, and any documents relating to termination or resignation.

(Document No. 65-2, p.12). Plaintiff subsequently responded as follows:

> Request #20: Plaintiff object to these interrogatories to the extent they require information reflecting conduct or circumstances after January 2007. The information that you seek is irrelevant and such interrogatories are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in determining whether or not retaliation occurred.

(Document No. 65-4, p. 43).

The undersigned agrees with Defendants' position that the information requested is relevant to determining whether Plaintiff has mitigated her damages. Plaintiff shall immediately provide to Defendants any documents responsive to this request.

10. **Document Request No. 22**:

> REQUEST NO. 22:
> Any documents, tape recordings, transcripts, or other evidence relating to any unemployment proceeding or administrative proceedings involving Defendant.

(Document No. 65-2, p.13). Plaintiff subsequently responded as follows:

> Request #22: Subject to and without waiver of Plaintiff's general objections, Plaintiff will provide unemployment records.

(Document No. 65-4, p. 4).

Defendants contend that Plaintiff has failed to provide any documents responsive to this request. Plaintiff shall immediately provide any relevant documents responsive to this request.

8. **Document Request No. 23**:

> REQUEST NO. 23:
> Any documents that support or relate to any of Plaintiff's claims and/or any of Defendant's defenses which have not been produced in response to one or more of the Requests herein.

(Document No. 65-2, p.13). Plaintiff subsequently responded as follows:

> Request #23: Objection: Defendants are in possession of all documents that support or relates to Plaintiff's claims.

(Document No. 65-4, p. 4).

As discussed above, including in reference to the Alberts case, the undersigned finds Plaintiff's objection to this request invalid. Plaintiff shall immediately provide Defendants with the requested documents.

**C. Order Compelling Medical and Psychological Records**

Defendants' pending motion also requests "an Order compelling Plaintiff's medical providers to produce copies of Plaintiff's medical and psychological records pursuant to subpoenas *to be issued* by Defendants." (Document No. 65, p.1)(emphasis added). The undersigned will deny without prejudice Defendants' request to compel any action by Defendants' proposed, but unidentified, recipients of subpoenas. The parties have been instructed to draft updated medical releases, and those releases along with Defendants' subpoenas should be sufficient to obtain the information Defendants seek. If Defendants are unable to obtain relevant information they believe they are entitled to, they may then seek further Court intervention.

## III. CONCLUSION

Based on the foregoing, the undersigned is not persuaded that Court intervention in this discovery dispute was necessary. For many of Defendants' requests, Plaintiff has failed to state a valid objection and/or failed to explain in her brief in opposition grounds for refusing to provide full and complete responses. The parties are respectfully encouraged to resolve their own disputes where they can, and when Court intervention is unavoidable, to narrow the issues as much as possible.

**IT IS, THEREFORE, ORDERED** that "Defendants' Motion To Compel Discovery Responses" (Document No. 65) is **GRANTED** in part and **DENIED** in part, as described herein.

**IT IS FURTHER ORDERED** that Plaintiff shall provide the responses required by this Order no later than fourteen (14) days from the date of this Order. Any failure by Plaintiff to act in accordance the dictates of this Order may lead to sanctions pursuant to Fed.R.Civ.P. 37(b).

**SO ORDERED**.

Signed: February 2, 2011

David C. Keesler
United States Magistrate Judge